**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EFRAIN DIAZ-PONCE,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.    21-70527

Agency No. A206-407-373

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 6, 2022[**]
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and McNAMEE,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen M. McNamee, United States District Judge
for the District of Arizona, sitting by designation.

Efrain Diaz-Ponce, a citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) decision to affirm the Immigration Judge's (IJ) denial of his applications for adjustment of status, asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Diaz-Ponce argues that the BIA erred by affirming the IJ's adverse credibility finding. The IJ based its finding on several inconsistent statements Diaz-Ponce made about his cousin's kidnaping. Although the police report in the record said that his cousin was kidnaped in 2016, Diaz-Ponce's 2014 declaration said the kidnaping occurred in 2009, and Diaz-Ponce testified at his hearing that the kidnaping was in 2018. As the IJ explained, the alleged kidnaping was central to Diaz-Ponce's argument that he should remain in the United States because he feared being kidnaped in Honduras. The IJ therefore supported the adverse credibility finding with cogent reasons and specific references to critical inconsistencies in the record. *See Shresthsa v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

Diaz-Ponce also contends that the BIA should have found him eligible for protection under CAT. He argues that he was tortured when he was 10 years old and MS-13 gang members attempted to recruit him by threatening harm to his grandparents. He testified the gang members also robbed him at knife point. Even

if these threats from private actors could amount to torture, they were not made with the consent or acquiescence of a public official, as required for CAT protection. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029-30 (9th Cir. 2019).

Diaz-Ponce maintains that his cousin's kidnaping is a changed circumstance that excuses his failure to meet the one-year deadline to file for asylum. He did not raise this argument in the administrative proceedings below, so we cannot consider it for the first time on this appeal. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004); 8 U.S.C. § 1252(d)(1). We do not have jurisdiction to review the IJ's finding that he committed a "particularly serious crime." *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii). We also lack jurisdiction to review the denial of an 8 U.S.C. § 1182(h) waiver. 8 U.S.C. § 1252(a)(2)(B)(i).

The temporary stay of removal remains in effect until the mandate issues. The motion for stay of removal is otherwise denied.

The petition is **DENIED IN PART AND DISMISSED IN PART**.